371 F.2d 347
 125 U.S.App.D.C. 250
 INTERNATIONAL TYPOGRAPHICAL UNION, AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, Dixie Color
Printing Corporation, Intervenor.
DIXIE COLOR PRINTING CORPORATION, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, International
Typographical Union, AFLCIO, Intervenor.
 Nos. 20012, 20105.
 United States Court of Appeals District of Columbia Circuit.
 Argued Nov. 16, 1966.
Decided Dec. 8, 1966.
 
 Mr. George Kaufmann, Washington, DC., with whom Mr. Gerhard P. Van Arkel, Washington, D.C., was on the brief, for petitioner in No. 20,012 and intervenor in No. 20,105.
 Mr. Marion A. Prowell, Atlanta, Ga., with whom Mr. Fred Elarbee, Jr., Atlanta, Ga., was on the brief, for petitioner in No. 20,105 and intervenor in No. 20,012. Mr. Stanley R. Strauss, Washington, D.C., also entered an appearance for petitioner in No. 20,105 and intervenor in No. 20,012.
 Mr. Robert G. Sewell, Atty., N.L.R.B., of the bar of the Supreme Court of Wisconsin, pro hac vice, by special leave of court, with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Solomon I. Hirsh, Atty., N.L.R.B., were on the brief, for respondent.
 Before BASTIAN, Senior Circuit Judge, and MCGOWAN and ROBINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The petitioning union in No. 20,012 complains of the failure of the National Labor Relations Board to find the employer guilty of an unfair labor practice under Section 8(a)(3) of the Act. 29 U.S.C. 151 et seq. The petitioning employer in No. 20,105 complains of the Board's determinations that it has violated Section 8(a)(1) and (5); and in this latter case the Board has cross-petitioned for enforcement. Neither review proceeding presents any significant or unsettled issues of a purely legal nature going to the proper construction of the statute. Both turn, rather, upon an appraisal of the adequacy of the record to support the Board's findings.
 
 
 2
 The employer is an Alabama subsidiary of a New York printing company. About 18 months after it began operating, some of its employees sought out a representative of the union to discuss organizing the plant. A majority of the employees signed authorization cards; and the union asked for recognition. It was not granted; and it was in this context that the Section 8(a)(1) violations were found by the Board to have occurred. These consisted of coercive interrogation of employees, suggested counterorganization of a plant committee, threats of plant closing and other reprisals, and manipulation of maintenance work. Sections 8(a)(5) and (1) were found infringed by the employer's refusal to bargain collectively after recognition was sought on the basis of the authorizations secured, and by the unilateral action of the employer in changing working conditions incident to a temporary disruption of regular operations for the purpose of installing a new facility. Although the Examiner found this last to be a Section 8(a)(3) violation as well, the Board disagreed with his view of the evidence in this respect.
 
 
 3
 Our scrutiny of the whole record affords us no warrant for interfering with any of the Board's conclusions. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). With respect to the union's complaint, we think the Board could conclude that the Examiner took too narrow a view, in terms of the discrimination forbidden by Section 8(a)(3), of the employer's motivations in respect of the timing of the installation of the new equipment; and we do not believe that the Board was compelled to provide a back-pay award for any other reason. The evidentiary issues relevant to Section 8(a)(1) were patently capable of resolution by the Board as they were. The employer makes a vigorous contention that it was, in respect of Section 8(a)(5), justified in refusing bargaining recognition because (a) certain assertedly supervisory employees participated in the membership solicitation and (b) the union was proposing a racially discriminatory unit. The record, however, provides support for the Board's finding that the employees involved in the first point were nonsupervisory; and it suggests that the employer was unaccountably tardy in articulating this second ground for withholding recognition. The proposal appears, in any event, to have originated in a good faith belief by the union that certain janitor positions were not appropriate to the unit. Although the union has continued before us to adhere to this view, it has made equally plain that it has no objection to assuming the responsibility of representing these employees fairly if the Board's order is upheld.
 
 
 4
 Under all the circumstances disclosed by the record giving rise to these consolidated appeals, we are of the opinion that the Board's order shouls, without modification, be affirmed and enforced.
 
 
 5
 It is so ordered.